| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

STEPHEN DECEDRIC ADAMS, §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:16-CV-336
　　　　　　　　　　　　　　§
NANCY A. BERRYHILL, §
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION, §
　　　　　　　　　　　　　　§
　　　　　Defendant. §

## ORDER OVERRULING COMMISSIONER'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending a remand of the Commissioner's decision because the ALJ's finding that Adams was not compliant with his medication and treatment is not supported by substantial evidence. (Dkt. 23.) The Commissioner filed timely objections to the magistrate judge's Report and Recommendation. (Dkt. 24.) The court, therefore, must conduct a *de novo* review of the objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b).

### I. OBJECTIONS

The Commissioner argues that the ALJ's failure to provide the appropriate weight given to Adams' treating physician evidence is not grounds for remand. While the Commissioner is correct that there is no duty for an ALJ to discuss and weigh *all* evidence, the ALJ's findings still must be supported by *substantial* evidence. The magistrate judge concluded that the medical

record as a whole, including extensive records from Adams' treating physicians, does not constitute substantial evidence to support the ALJ's finding that Adams had been noncompliant with his medical treatment. In her objections, the Commissioner references three instances to demonstrate a pattern of noncompliance. The first, a hospital record in 2011 when the Plaintiff was hospitalized and blood tests show that his seizure medication was not within the required therapeutic range. The second, in 2013 when he was hospitalized for a seizure as a result of a missed dose of his medication. Finally, a treating doctor note from 2015 (outside the relevant time period) that states Adams experienced no seizures after strict compliance with medication.[1] She also mentions his marijuana use. The Commissioner claims that these isolated instances establish substantial evidence that supports the ALJ's finding that Adams had been noncompliant with his medical treatment.

The magistrate judge's report and recommendation summarizes Adams' expansive medical record, and thoroughly explains why the entirety of the evidence does not constitute substantial evidence that Adams had been noncompliant with his medical treatment. Substantial evidence is "more than a mere scintilla and less than a preponderance." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). It requires evidence relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Marcello v. Bowen*, 803 F.2d 851, 853 (5th Cir.1986) (citing *Jones v. Heckler*, 702 F.2d 616, 620

---

[1] The August 3, 2015 medical record from Adams' treating neurologist, Dr. Punay, does not state that Adams experienced "no seizures" after "strict compliance," as the Commissioner represents. Rather, it states that "[h]is seizures have been better controlled with his current medications," that he did not experience seizures since his last visit, and that he was advised to continue strict compliance with his medication. (Dkt. 19, 34-35.) This same medical record described Adams' seizure disorder as one that interferes with activities of daily living, quality of life, and work. (Dkt. 19, p. 34.) Furthermore, office notes from his December 1, 2015 visit with Dr. Punay (also outside the relevant time period) indicate that Adams' "[o]verall condition is worsening" and that he might have had one partial seizure, but has "done very well" with his current medications, "which are helping him." (Dkt. 19, p. 38.)

2

(5th Cir. 1983). To determine whether substantial evidence exists to support the ALJ's findings, the entire record must be scrutinized carefully. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied* 514 U.S. 1120 (1995); *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983). In isolation, the incidents cited by the Commissioner might suggest discrete episodes of noncompliance. However, when viewing the medical evidence as a whole, medical records after 2010 document Adams' firm dedication to medical treatment in an attempt to alleviate his symptoms. An ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence and shall be remanded for further administrative proceedings consistent with the magistrate judge's report and recommendation.

## II. ORDER

The court considered the report and recommendation filed on February 16, 2018 (Dkt. No. 23), the Plaintiff's Objections (Dkt. No. 24), the medical record, pleadings, and all available evidence. The magistrate judge recommends remanding the Commissioner's decision to deny benefits. After careful consideration, the court **OVERRULES** the Commissioner's objections to the magistrate judge's report, **ADOPTS** the magistrate judge's recommendation, and **REMANDS** the Commissioner's denial of benefits.

SIGNED at Beaumont, Texas, this 9th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE